IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ASHLEY HAWKINS                                                                                     PLAINTIFF
*On behalf of*
D.L.M., A MINOR

vs.                                            Civil No. 6:14-cv-06020

CAROLYN W. COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Ashley Hawkins ("Plaintiff") brings this action on behalf of D.L.M., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying D.L.M.'s application for Supplemental Security Income ("SSI") under Title XVI of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed a SSI application on behalf of D.L.M. on June 14, 2011. (Tr. 9). With this application, Plaintiff alleges D.L.M. is disabled due to epidermolysis bullosa syndrome (skin blistering). (Tr. 113). Plaintiff alleges D.L.M.'s onset date was January 1, 2004. (Tr. 113). This application was denied initially and again upon reconsideration. (Tr. 45-46).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

Thereafter, Plaintiff requested an administrative hearing on D.L.M.'s application, and this hearing request was granted. (Tr. 24-44). An administrative hearing was held on November 1, 2012 in Hot Springs, Arkansas. *Id.* Plaintiff was present and was represented by Hans Pullen at this hearing. *Id.* Plaintiff and D.L.M. testified at this hearing. *Id.*

On January 23, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI on behalf of D.L.M. (Tr. 6-20). In this decision, the ALJ determined D.L.M. was born on September 15, 2002 and was a school-aged child the date the application was filed and was a school-aged child as of the ALJ's decision date. (Tr. 12, Finding 1). The ALJ determined D.L.M. had not engaged in Substantial Gainful Activity ("SGA") since June 14, 2011, the application date. (Tr. 12, Finding 2). The ALJ determined D.L.M. had the following severe impairments: dermatitis and mood disorder. (Tr. 12, Finding 3). The ALJ also determined, however, that none of D.L.M.'s impairments met, medically equaled, or were functionally equivalent to the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4 ("Listings"). (Tr. 12, Finding 4).

In assessing whether D.L.M.'s impairments were functionally equivalent to the Listings, the ALJ assessed six domains of functioning. (Tr. 12-20, Finding 5). Specifically, the ALJ determined D.L.M. had the following limitations in six domains of functioning: (1) no limitation in acquiring and using information; (2) no limitation in attending and completing tasks; (3) no limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) no limitation in the ability to care for himself; and (6) a less than marked limitation in health and physical well-being. *Id.* Based upon these findings, the ALJ determined D.L.M. had not been under a disability, as defined by the Act, at any time from the date Plaintiff's application was filed through the date of the ALJ's decision or through January 23, 2013. (Tr. 20, Finding 6).

Thereafter, on February 1, 2013, Plaintiff requested the Appeals Council's review of the

ALJ's unfavorable decision. (Tr. 4). On December 24, 2013, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On Feburary 13, 2014, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 14, 2014. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess.

328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409.

Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed his application in 2011, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924.  First, the ALJ must determine whether the minor child has engaged in substantial gainful activity.  If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment.  If a severe impairment is found, the ALJ will proceed to the third step.  At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1.  A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing.  *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning.  The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting

4

and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005) (unpublished). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

**3.   Discussion:**

In her appeal brief, Plaintiff raises three arguments for reversal: (A) the ALJ improperly determined D.L.M.'s impairments did not meet the requirements of Listing 108.04; (B) the ALJ erred in failing to assess D.L.M.'s alleged disability under Listing 101.00(B)(2)(b)(1)(3); and (C) the ALJ erred in finding D.L.M. did not have marked limitations in two domains of functioning. ECF No. 10. In response, Defendant argues the ALJ's disability determination is supported by substantial evidence in the record and the ALJ properly determined D.L.M.'s impairments did not meet or equal a Listing. ECF No. 11. The Court will evaluate Plaintiff's arguments for reversal.[2]

---

[2] For ease of reference, the Court will consider Plaintiff's first two arguments together.

### A. Listings - Meeting the Requirements

Plaintiff claims the ALJ erred in finding D.L.M.'s impairments did not meet the requirements of Listings 108.04 and 101.00(B)(2)(b)(1)(3). ECF No. 10.

Listing 108.04 requires a demonstration of the following:

> **108.04 Chronic infections of the skin or mucous membranes,** with extensive fungating or extensive ulcerating skin lesions that persist for at least 3 months despite continuing treatment as prescribed.

Plaintiff claims D.L.M.'s impairment of epidermolysis bullosa syndrome qualifies D.L.M. as disabled under this Listing. ECF No. 10. In support of this claim, however, the only medical evidence Plaintiff provides is from the Dermatology Clinic, Dr. Adam Stibich, M.D. (Tr. 175). This report is dated August 16, 2011. In this report, Dr. Stibich states D.L.M.'s examination was "extremely normal." (Tr. 175). The only "caveat" Dr. Stibich noted was that in the future, D.L.M. "may be limited to [in] extreme sports activity and possible [possibly] even day to day events such as walking." *Id.* This report certainly does not establish D.L.M.'s impairments currently meet the requirements of Listing 108.04. Thus, Plaintiff has not met her burden of demonstrating D.L.M.'s impairments meet the requirements of Listing 108.04. *See Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir. 2004) ("The burden of proof is on the plaintiff to establish that his or her impairment meet or equals a listing").

Listing 101.00 is not a separate Listing. Instead, this provision states the following: "What we mean by inability to ambulate effectively." Thus, because this is not a separate Listing, the Court will not address this issue further.

### B. Listings - Functional Equivalence

As noted above, to determine whether a child's impairments are functionally equivalent to a Listing, the SSA considers the following six domains of functioning: (1) acquiring and using

6

information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being.  *See* 20 C.F.R. § 416.926a(b)(1) (2011).  Plaintiff claims D.L.M. hast at least a marked limitation in attending and completing tasks and in health and physical well-being.  ECF No. 10.  Because these are the only domains Plaintiff references in her briefing, the Court will only address these two domains.

### 1. Attending and Completing Tasks

The ALJ determined D.L.M. has no limitation in this domain of functioning.  (Tr. 16-17).  Plaintiff disputes this finding and argues D.L.M has at least a marked limitation in this domain of functioning.  ECF No. 10 at 12-13.  In support of this claim, Plaintiff references the records from the Community Counseling Services.  *Id.*  In those records, D.L.M. was found to have a Global Assessment of Functioning or "GAF" score of 42, which indicates "severe" symptoms in his behavior towards others and with moods and emotion.  *Id.*

The Court has reviewed this record from Community Counseling Services.  (Tr. 193-198).  This report is dated at December 1, 2011.  *Id.*  This report is also authored by licensed counselor, Ms. Ashley George.  *Id.*  Under the Social Security Regulations, as a licensed counselor, Ms. George is not an acceptable source for determining disability.  *See* 20 C.F.R. § 404.1513(a) (2013).  Thus, it also appears Ms. George's opinion regarding D.L.M.'s GAF score cannot establish D.L.M. has a "marked" limitation in this domain of functioning.  Plaintiff has offered no evidence demonstrating Ms. George should be considered an "[a]cceptable medical source[]."[3]  ECF No. 10.  Accordingly,

---

[3] In a later part of these records, a medical doctor does sign off on the "certification" section, but it does not appear this medical doctor determined D.L.M. had a GAF of 42.  (Tr. 203).  Further, even if medical doctor did find D.L.M. had a GAF score of 42, this was still just a one-time score which does not necessarily demonstrate D.L.M. has a "marked" limitation in attending and completing tasks.

the Court finds no basis for reversing the ALJ's determination that D.L.M. has no limitation in this domain of functioning.

Further, as a final note on Ms. George's report, she found D.L.M. was only four years old on the date of this report and found his birth date to be in September of 2007. (Tr. 193). According to Plaintiff's testimony and the ALJ's decision, D.L.M. was actually born in *September of 2002*. (Tr. 30). There is no explanation for this discrepancy and provides additional support for the Court's decision to afford little weight to her findings.

### 2.     Health and Physical Well-Being

Plaintiff claims D.L.M. has an extreme limitation in the domain of health and physical well-being due to his epidermolysis bullosa syndrome. ECF No. 10. Plaintiff references her hearing testimony to support this claim. *Id.* Upon review, however, and as noted above, Dr. Stibich states D.L.M.'s dermatological examination was "extremely normal." (Tr. 175). Plaintiff has offered nothing to contradict Dr. Stibich's opinion. Thus, the Court finds no basis for reversal on this issue.

### 4.     Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff on behalf of D.L.M. is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 2nd day of March 2015.**

                                      /s/   Barry A. Bryant  
                                      HON. BARRY A. BRYANT  
                                      U.S. MAGISTRATE JUDGE